# United States District Court
# Central District of California

MARINA SHABUN, an individual;
VLADIMIR SHABUN, an individual;

Plaintiffs,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, an Ohio corporation;
DOES 1–20, inclusive,

Defendants.

Case № 2:21-CV-00213-ODW (ASx)

**ORDER DENYING MOTION TO REMAND [10]**

## I. INTRODUCTION

On January 11, 2021, Defendant Nationwide Mutual Insurance Company removed this action from state court based on diversity jurisdiction. (Notice of Removal ("NOR") ¶ 1, ECF No. 1.) Plaintiffs Marina and Vladimir Shabun move to remand, arguing that removal was untimely. (*See* Mot. to Remand ("Motion" or "Mot.") 4, ECF No. 10.) The Motion is fully briefed. (Opp'n, ECF No. 11; Reply, ECF No. 12.) As explained below, the Motion is **DENIED**.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

This case arises from a property insurance policy that Plaintiffs purchased from Nationwide. (*See* NOR, Ex. B ("Compl."), ECF No. 1-2.) On October 11, 2019, a wildfire damaged Plaintiffs' property, so they notified Nationwide of the loss and made a claim for benefits. (*Id.* ¶ 10.) On October 15, 2019, Plaintiffs submitted a claim estimate to Nationwide for "dwelling air scrubbing, cleaning, and repair" in the amount of $74,598.52. (Decl. of Ivetta Avanesov ¶ 2, Ex. A, ECF No. 10-1.) And on January 31, 2020, Plaintiffs submitted an additional claim estimate to Nationwide for "contents cleaning" in the amount of $24,934.93. (*Id.* ¶ 3, Ex. B.) Thus far, Nationwide has paid Plaintiffs $31,711.21 of the claimed benefits. (*Id.* ¶ 4, Ex. C.)

On September 15, 2020, Plaintiffs filed this action in state court, and they served Nationwide with a summons and the Complaint on September 18, 2020. (*See* Compl.; NOR ¶ 3.) Plaintiffs assert two causes of action: (1) breach of contract and (2) breach of the covenant of good faith and fair dealing. (Compl. ¶¶ 5–27.) The Complaint does not contain any specific damages figures, but Plaintiffs assert a general prayer for: contract damages, general damages resulting from mental anguish and emotional distress; exemplary damages; costs; and attorneys' fees. (*See id.* at 6.)

On December 23, 2020, in response to a request for admissions, Plaintiffs admitted they were seeking damages in excess of $75,000. (*See* NOR ¶¶ 24–29.) Then, on January 11, 2021—less than thirty days after receiving the discovery responses but more than thirty days after being served with the Complaint—Nationwide removed the action to this Court based on diversity jurisdiction. (*Id.*)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed only if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). For instance,

federal courts have diversity jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The removal statute is strictly construed against removal, and "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Id.*

### IV. DISCUSSION

Plaintiffs do not contest diversity of citizenship or the amount in controversy; they challenge only the timeliness of removal. (*See* Mot. 4.) In short, Plaintiffs argue that the thirty-day removal period began to run when they served Nationwide with the Complaint (September 18, 2020), which was more than thirty days before Nationwide removed (January 11, 2021). (*Id*. at 7.) Specifically, they argue that because they had already sought $67,822.24 in policy benefits, "Nationwide knew, prior to the filing of the Complaint, that it owed Plaintiffs nearly $70,000 in policy benefits, and that the additional damages sought in the Complaint would exceed $5,000. (*Id.* at 4.)

"[A] notice of removal [must] be filed within thirty days of receipt from the plaintiff of an initial pleading or other document from which it is ascertainable that the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013) (citing 28 U.S.C. §§ 1446(b)(1), (b)(3)). Such "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). "Under § 1446(b), courts interpret the reference to 'other paper' broadly, and responses to requests for admission qualify as 'other paper' under the statute." *Rice v. Equifax Info. Servs., LLC*, No. CV 09-7864 PSG (Ex), 2010 WL 128369, at *2 (C.D. Cal. Jan. 11, 2010) (internal citations omitted). But "'other paper' does not include any document received prior to receipt of the initial pleading." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010). Nor can a pre-complaint

document "operate in tandem with an indeterminate initial pleading" to trigger the removal period. *Id*. This "bright-line approach" is meant to prevent "collateral litigation over . . . whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry." *Id*.

Here, the Complaint does not provide notice that the amount in controversy exceeds the jurisdictional minimum. Instead, Plaintiffs simply recite in conclusory fashion that they seek contractual damages for policy benefits owed, consequential damages, emotional, special, and exemplary damages, plus attorney's fees and costs. (*See* Compl. ¶¶ 15, 22, 23, 24, 27.) Beyond that, Plaintiffs vaguely allege that the property's "structure and contents" were "damaged due to a wildfire" and that they seek "up to the full value of said loss." (*Id*. ¶ 10.) Such allegations are insufficient to have placed Nationwide on notice of the amount in controversy. Nor can Plaintiffs rely on the claim estimates submitted to Nationwide before the Complaint was filed, *Carvalho*, 629 F.3d at 886, or on Nationwide's subjective knowledge regarding the estimates, *Harris*, 425 F.3d at 694. Consequently, the thirty-day removal period did not begin running until December 23, 2020, when Nationwide received Plaintiffs' discovery responses admitting they were seeking damages in excess of $75,000. (*See* NOR ¶¶ 27–29.) Nationwide's removal on January 11, 2021, was therefore timely.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's Motion to Remand is **DENIED**. (ECF No. 10.)

**IT IS SO ORDERED.**

April 26, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

4